IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CITIMORTGAGE, F/K/A CITICORP MORTGAGE, INC., ) ) ) | |
| Plaintiff, ) ) | Civil No. 05-10449-PBS |
| v. ) ) ) | |
| RICHARD T. COUSINS, ROBERTA L. COUSINS, COMMONWEALTH OF MASSACHUSETTS DEPARTMENT OF REVENUE, and THE UNITED STATES OF AMERICA, ) ) ) ) ) ) ) | |
| Defendants. ) | |

## UNITED STATES' ANSWER

The United States responds to the specific allegations of the complaint as follows:

1. *The Plaintiff, CitiMortgage, Inc. f/k/a Citicorp Mortgage, Inc. (hereinafter referred to as "CitiMortgage") is a corporation having its usual place of business at 1000 Technology Drive, O'Fallon, MO 63304.*

RESPONSE: The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 1 of the complaint.

2. *The Defendant, Richard T. Cousins, is upon information and belief, an individual with a last known address of 137 Bray Street, Gloucester, MA 01930.*

RESPONSE: The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 2 of

the complaint.

3. *The Defendant, Roberta L. Cousins, is upon information and belief, an individual with a last known address of 137 Bray Street, Gloucester, MA 01930.*

RESPONSE: The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 3 of the complaint.

4. *The Defendant, The Commonwealth of Massachusetts Department of Revenue, is upon information and belief, a state agency with a usual place of business of 100 Cambridge Street, Boston, MA 02114.*

RESPONSE: The United States admits the allegations contained in ¶ of the complaint.

5. *The Defendant, The United States of America, is upon information and belief, a federal agency with a usual business address of P.O. Box 9112, Stop 20800, JFK Federal Building, Boston, MA 02203.*

RESPONSE: The United States denies the allegations contained in ¶ 5 of the complaint but avers that the above-referenced address is the usual business address for the Internal Revenue Service, an agency of the United States.

6. *The Plaintiff, CitiMortgage, was the holder of a first mortgage given by Richard T. Cousins and Roberta L. Cousins to Citicorp Mortgage, Inc., dated and recorded September 20, 1989 in the Essex County (Southern District) Registry of Deeds in Book 10162 at Page 56, securing the real*

*estate located at 137 Bray Street, Gloucester, MA 01930 ("the property").*

RESPONSE: The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 6 of the complaint.

7. *On November 30, 2004, CitiMortgage foreclosed on the mortgaged property by public auction.*

RESPONSE: The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 7 of the complaint.

8. *The mortgaged property was sold to a third party for $147,000.00.*

RESPONSE: The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 8 of the complaint.

9. *After satisfaction of the indebtedness to the Plaintiff, including costs of foreclosure and sale, accrued interest and late charges in the aggregate sum of $91,024.06, there is surplus now held by the Plaintiff in the amount of $55,975.94.  See Exhibit "A" attached hereto.*

RESPONSE: The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 9 of the complaint.

10. *The following persons and entities appear of record to be all of the persons or entities having an interest in said funds held by CitiMortgage, to wit:*

          (a)     *The Defendant Richard T. Cousins, is the former holder of the equity of redemption.*

RESPONSE:    The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 10(a) of the complaint.

          (b)     *The Defendant, Roberta L. Cousins, is the former holder of the equity of redemption.*

RESPONSE:    The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 10(b) of the complaint.

          (c)     *The Defendant, the Massachusetts Department of Revenue, is the holder of a state tax lien dated and recorded September 15, 1995 in the Essex County (Southern District) Registry of Deeds in Book 13191 at Page 460 in the original amount of $230,938.97.*

RESPONSE:    The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 10(c) of the complaint but it avers that the Commonwealth of Massachusetts filed a disclaimer of interest in this action on March 16, 2005.

          (d)     *The Defendant, The United States of America, is the holder of a federal tax lien dated October 16, 1998 and recorded October 29, 1998 in the County [sic] (Southern District) Registry of Deeds in Book 15195 at Page 138 in the original amount of $212,303.48.*

RESPONSE: The United States admits the allegations contained in ¶ 10(d) of the complaint and further avers that the federal tax lien was filed with the Essex County Registry of Deeds, and that interest continues to accrue according to law on this liability.

 (e) *The Defendant, The Massachusetts Department of Revenue, is the holder of a state tax lien dated and recorded September 27, 2000 in the Essex County (Southern District) Registry of Deeds in Book 16582 at Page 302 in the original amount of $20,460.16.*

RESPONSE: The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 10(e) of the complaint, but it avers that the Commonwealth of Massachusetts filed a disclaimer of interest in this action on March 16, 2005.

 (f) *The Defendant, The Massachusetts Department of Revenue, is the holder of a state tax lien dated and recorded January 28, 2002 in the Essex County (Southern District) Registry of Deeds in Book 18237 at Page 167 in the original amount of $26,775.42.*

RESPONSE: The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 10(f) of the complaint, but it avers that the Commonwealth of Massachusetts filed a disclaimer of interest in this action on March 16, 2005.

 11. *CitiMortgage repeats and alleges Paragraph 1 through 10 and*

*incorporates herein by reference.*

RESPONSE:   The United States incorporates by reference its responses to ¶¶ 1-10.

12.   *CitiMortgage believes that it runs a risk that adverse claims to the surplus proceeds may be made by Defendants in this action.*

RESPONSE:   The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 12 of the complaint.

13.   *CitiMortgage is unaware of the respective rights of the Defendants and is unable to determine to whom the funds are justly due and payable.*

RESPONSE:   The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 13 of the complaint.

14.   *CitiMortgage's only claim in interest in the surplus proceeds is to have the costs and expenses that are associated with this action paid from the surplus proceeds.  CitiMortgage has at all times been willing to pay the surplus to such entity or persons as should lawfully be entitled to receive the same and to whom CitiMortgage could safely and without hazard to itself pay the same and CitiMortgage hereby offers to transfer the surplus to this Court at such time and under such conditions as the Court may Order and Direct.*

RESPONSE:   To the extent this paragraph requires a response, the United States is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained in ¶ 14 of the complaint, except that it denies that plaintiff should be paid its costs and fees from any portion owed to the United States pursuant to the Notice of Federal Tax Lien.

WHEREFORE, the United States requests (1) that the plaintiff be ordered to deposit all of the surplus funds with the Court; (2) that its interests be paid pursuant to the priority determined by this Court with respect to the surplus funds; (3) that the plaintiff's request for payment of its costs and fees from the surplus fund be denied to the extent those funds are owed to the United States; and (4) such other relief as this Court deems just and proper.

```
I hereby certify that a true copy of the
above document was served upon (each party
appearing pro se and) the attorney of record
for each other party by mail on
```
 4/1/05 - /s/ Lydia B. Turanchik

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

/s/ Lydia Bottome Turanchik
LYDIA BOTTOME TURANCHIK
 (BBO # 640367)
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55, Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 307-6560
Lydia.D.Bottome@usdoj.gov

Service List

Raymond C. Pelote, Esq.
Harmon Law Offices, P.C.
150 California Street
Post Office Box 610389
Newton, Massachusetts 02458

Richard T. Cousins
137 Bray Street
Gloucester, Massachusetts 01930

Roberta L. Cousins
137 Bray Street
Gloucester, Massachusetts 01930